JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Evan McCray appeals from his conviction, following a bench trial,[1] for trafficking in cocaine, in violation of R.C. 2925.03(A)(1). He was sentenced to two years of supervised community control. Two undercover Cincinnati police officers testified that they saw McCray, standing on a public sidewalk, gesturing with a two-fingered hand signal indicating that he was offering to sell $20 dollars worth of drugs. The undercover officers radioed to nearby uniformed officers to stop McCray and investigate. The two uniformed officers approached McCray and observed him holding a small plastic baggie of crack cocaine in his right hand McCray turned to walk away from the officers, placed the baggie in his mouth, and appeared to swallow it. The officers struggled with McCray to get him to spit out the baggie. McCray was arrested but the drugs were never recovered.
McCray argues that the trial court erred in admitting expert testimony from the four police officers to prove that McCray was offering to sell drugs and that the substance seen by the uniformed officers was crack cocaine. While the state did not qualify the officers as expert witnesses, McCray's objections at trial, made with reference to cases dealing with the reliability of expert testimony, were indicative of his belief that the officers were testifying as experts. It is preferable for the trial court to explicitly find that a witness qualifies as an expert. But where the officers' testimony related to knowledge of criminal practices beyond the scope of a lay person, "we can infer from the record that the trial court considered them to be experts."[2] State v. Rangel (2000), 140 Ohio App.3d 291,295, 747 N.E.2d 291, appeal not allowed (2001),91 Ohio St.3d 1432, 741 N.E.2d 895.
Here, the trial court did not abuse its discretion in admitting the officers' expert testimony. See State v. Williams (1983),4 Ohio St.3d 53, 58,446 N.E.2d 444; see, also, State v. Rangel,140 Ohio App.3d at 294-295, 747 N.E.2d 291. The trained undercover officers' testimony was based upon specialized information and related to the signals that drug dealers used to advertise to clients — matters beyond the knowledge or experience of lay persons. See Evid.R. 702. The uniformed officers' identification of the substance in McCray's hand as crack cocaine, based upon their experience and training, was also admissible as expert testimony to establish the identity of the controlled substance. See State v. Maupin (1975),42 Ohio St.2d 473, 479, 330 N.E.2d 708; see, also, State v. Ross, 2d Dist. No. 19036, 2002-Ohio-6084, at ¶ 13-14. The fourth assignment of error is overruled.
In three interrelated assignments of error, McCray challenges the weight and the sufficiency of the evidence presented at trial to support his conviction. Our review of the record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.
McCray highlighted limitations in the testimony of the witnesses, including the undercover officers' interpretation of his hand gesture. The trial court was entitled to reject McCray's theory that, when approached by the uniformed officers, he was placing his false teeth in his mouth rather than disposing of the evidence of a crime. As the weight to be given the evidence and the credibility of the witnesses was primarily for the trier of fact to determine, see State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus, the trial court, in resolving conflicts in the testimony, could properly have found McCray guilty of trafficking in cocaine.
The record reflects substantial, credible evidence from which the trial court could have reasonably concluded that the state had proved all elements of the charged crime beyond a reasonable doubt, including evidence that McCray was knowingly offering to sell cocaine. The recovery of a controlled substance is not a prerequisite for conviction. Where the seller of a drug purports it to be a controlled substance, then he has knowingly offered for sale a controlled substance even if the seller knows the product is counterfeit or fake. See State v. Scott (1982),69 Ohio St.2d 439, 440-441, 432 N.E.2d 798; see, also, State v.Waddy (1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338.
Moreover, the trial court properly denied McCray's motion for a judgment of acquittal, when reasonable minds could have reached different conclusions as to whether each element of the crime charged had been proved beyond a reasonable doubt. See Crim.R. 29; see, also, State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184. The first, second, and third assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman and Sundermann, JJ.
[1] The judgment entry sentencing McCray to community control indicates that "as the defendant well knew, the defendant had pleaded guilty." The record demonstrates that McCray was found guilty in a bench trial after entering a plea of not guilty. Neither party has assigned this clerical discrepancy as error.
[2] We note that the officers' opinion testimony would have been admissible under Evid.R. 701, which permits a witness "not testifying as an expert" to give "his testimony in the form of opinions or inferences * * * which (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."